416 So.2d 811 (1982)
Mary Dominick WEEKS, Appellant,
v.
Lucius Henry WEEKS, Appellee.
No. 81-633.
District Court of Appeal of Florida, Fourth District.
April 7, 1982.
Clarification Granted June 11, 1982.
*812 Arthur M. Wolff of Wolff & Gora, P.A., Fort Lauderdale, and Philip J. Montante, Jr., Pompano Beach, for appellant.
James O. Murphy, Jr., of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee.
DELL, Judge.
This is an appeal from a final judgment of dissolution of marriage wherein the wife challenges the amount of alimony and attorneys fees awarded to her and contends that she should have also received the marital home as lump sum alimony.
The parties were married for 26 years. The wife is 47 years old and the husband is 49 years old. The husband is a bank president and earns an annual salary of approximately $112,000. He owns stock, valued at about $50,000, which has been pledged as security for several loans. His net equity in the stock is just over $15,000. The loans for which the husband is individually liable total $41,000. The jointly owned marital home is valued at $274,000 of which approximately $158,000 is equity. The wife has no individually owned assets and no source of income other than the husband. She has completed 2 1/2 years of college and worked part-time as a substitute teacher. Her other employment has been as a fashion show coordinator and floating employee for a department store. However, she has not worked for the past seven years. Throughout the marriage the wife suffered from severe, and occasionally disabling, migraine headaches. She also sustained a compression fracture of a vertebrae following an accident. Although discharged by her physician to pursue normal activities, she, nevertheless, experiences difficulty lifting heavy objects and doing strenuous work.
According to her testimony, she requires $400.00 per week in order to maintain a life style comparable to that which was provided by the husband. She was awarded $300.00 per week as permanent periodic alimony. Additionally, the trial court ordered that the marital home be sold and that the wife receive 1/2 of the proceeds. The court also awarded $12,000.00 in attorney fees payable in monthly installments of $1,000.
Permanent periodic alimony should provide a former spouse with the needs and necessities of life, as they have been established by the marriage of the parties. In determining permanent periodic alimony, the two primary considerations are the monetary needs of the receiving spouse and the ability of the other spouse to pay. The criteria for establishing this need include the parties' earning ability, age, health, education, the duration of marriage, the standard of living enjoyed during its course, and the value of the parties' estates. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We recognize that the discretion as to whether an award of periodic alimony is appropriate lies exclusively with the trial court. However, it is the responsibility of an appellate court to determine whether the exercise of such discretion was "reasonable." Canakaris, supra.
In itemizing her needs, on a weekly basis, the wife testified that she required *813 $100.00 for food, $25.00 for medicine, $45.00 for clothing, and $35.00 to employ a maid as she had throughout the marriage. The husband's testimony establishes that the wife's cost of housing would be approximately $150.00 per week. Thus, even without considering such items as insurance, taxes, utilities, medical bills, car maintenance, gas and incidentals, the wife's needs exceed the weekly alimony of $300.00. It is obvious that the wife needs a minimum of $400.00 per week to maintain a lifestyle similar to that provided by the husband. Her estimation of expenses was extremely conservative and did not even allow for establishing a residence once the marital home was sold. In our view, the trial court abused its discretion in failing to award the alimony requested by the wife. Further, the husband's ability to pay such alimony is clearly demonstrated by the record.
However, we hold that the trial court did not abuse its discretion in failing to award the wife the marital home as lump sum alimony, nor did it err in the amount of attorneys fees awarded her counsel.
Accordingly, the final judgment is reversed and remanded with instructions to increase the amount of permanent periodic alimony to $400.00 per week. Otherwise, the final judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
LETTS, C.J., and HERSEY, J., concur.
BY ORDER OF THE COURT:
Appellant's Motion for Clarification of this Court's opinion in the above styled cause dated April 7, 1982 is granted. The trial court is directed to increase the amount of permanent periodic alimony payable to the appellant from $300.00 per week to $400.00 per week retroactively from March 16, 1981, the date of the Final Judgment of Dissolution of Marriage in this cause.