SHARP, Judge,
dissenting.
The wife appeals from a final judgment of dissolution. Because I agree with the appellant that the trial court clearly abused its discretion by refusing to award the wife an undivided one-half interest in the marital domicile as lump sum alimony, I dissent.
At the time of the dissolution the parties had been married for sixteen years. The husband was thirty-nine and the wife was thirty-five. Neither brought substantial assets to the marriage, and their earnings during the marriage were the source of the parties’ assets at the time of this dissolution. They married just as the wife was graduating from high school. For the next six years the wife worked full-time as a secretary, helping to keep the family afloat as the husband developed his various busi *718 ness ventures. During the next seven years the wife remained in the home to raise the parties’ two children, John and Stephanie, who were ten and seven years of age respectively at the time of this dissolution. During the last three years of the marriage the wife had been employed full time outside the home earning a gross weekly wage of approximately two hundred forty dollars ($240) as a personnel specialist for a corporation.
The husband was involved in a variety of business ventures including a used car lot, a restaurant and lounge. He currently owns and operates a mail order business called U. S. I. Corporation (actually a sole proprietorship) which sells electronic countermeasure devices. The husband keeps no business records other than his checking account. Available data indicates his U. S. I. Corporation has gross sales of at least one hundred fifty thousand dollars ($150,000) per year. The husband is the only full time employee of the business. At the time of the dissolution the husband estimated his gross income at five hundred twenty dollars ($520) per week.
During the marriage the family enjoyed a comfortable lifestyle. They occupied a marital domicile (which was totally paid for) containing more than three thousand square feet of living space. It was nicely furnished with appointments valued at more than twenty thousand dollars ($20,-000). The parties were members of the local yacht club and entertained there frequently, sometimes for large numbers of guests. The husband took frequent fishing trips to the Bahamas where the family’s twenty-four foot fishing boat is kept on a permanent basis. He also enjoyed moose and elk hunting trips to the far west. The wife had weekly maid service in the home and regular babysitting services.
The family owned two late model automobiles, a 1978 Buick and a 1980 Corvette, which were purchased by the husband in the name of Don Mince Auto Sales to avoid the payment of sales taxes. During the latter years of the marriage the wife’s income was spent on consumables, primarily for herself and the children. It could not be traced into any specific asset. At the time of the dissolution, the marital home, (valued at one hundred twenty-five thousand dollars $125,000) was in the husband’s sole name. The parties purchased the property as tenants by the entireties in 1972 and built the marital home on it. However, during a period of marital discord in 1975, the wife conveyed her one-half interest in the home to the husband.
The trial court awarded the wife the Buick as total lump sum alimony. It granted primary custody of the son to the father and primary custody of the daughter to the mother, and awarded the wife two hundred sixty dollars ($260) per month child support. The court also awarded the wife three thousand dollars ($3,000) in attorney’s fees. The major assets the parties acquired during the marriage, together with their valuation ranges,[1] were divided as indicated below.
Assets
Awarded to Wife
Marital home (lien free)
Gun collection Pishing boat Money market funds
1980 Corvette (subject to lien)
1978 Buick $3,500
Household $10,000
furnishings
Silver $10,000 to $12,000
Jewelry $5,000 to $20,000
Credit Union $3,500
Account balance
Stock $1,000
Savings Ac- $1,250
count _
Value range $34,250 to $51,250
of Assets:
Awarded to Husband $125,000 [2]
$4,575 to $20,000
$5,000
$10,000
$11,000
$10,000
$1,250
$166,825 to $182,250[3]
*719 In this case, the trial court’s failure to award the wife a more equal share of the assets acquired by the parties during their marriage appears to me as an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974). Returning to her a one-half interest in the residence would have roughly equalized the distribution of marital assets. Simply because title to the home was in the husband at the time of the dissolution does not bar this remedy under principles of equitable distribution. Canakaris; Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981).
I have searched this record to find a basis for the trial court’s refusal to make a more equitable distribution of property and find none.[4] The court awarded the wife no periodic alimony; and there was no evidence that either the wife or the husband was more or less at fault for the break-up of the marriage. Williamson v. Williamson, 367 So.2d 1016 (Fla.1979). Further, the husband’s income appears to be more than adequate to justify an award of alimony — either periodic or lump sum. Although he reports a modest amount of income, the husband has managed to accumulate substantial assets, and has supported his three dependents in a style which indicates considerable other resources. In such cases the lifestyle maintained is a more accurate indicator of actual income. See Lutgert v. Lutgert, 362 So.2d 58 (Fla.2d DCA 1978). The standard of living for the husband will continue unchanged, but for the wife and daughter, it will drastically reduce. These factors are why I think the trial court abused its discretion in this case. Klein v. Klein, 413 So.2d 1297 (Fla. 4th DCA 1982) [1982 F.L.W. 1086]; Weeks v. Weeks, 416 So.2d 811 (Fla. 4th DCA 1982) [1982]; O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982).

. Value ranges are given because there was a substantial disparity in testimony by the parties regarding the value of certain assets and no expert testimony was presented.

. The figure is based upon a 1975 appraisal.

. The disparity in division of marital assets is actually much greater than these figures show. But for the husband’s conviction in Federal Court, apparently for conduct involving the illegal sale of automatic weapons and avoidance of federal taxes several months before the dis *719 solution, which resulted in the payment of a ten thousand dollar ($10,000) fine and thirty-eight thousand dollars ($38,000) in attorney’s fees, his net assets would have totalled in excess of two hundred thousand dollars ($200,000). Further, no value is given here for the husband’s businesses established during the marriage.

. The “Equitable distribution” concept does not require an equal division of assets acquired during the marriage; however, an equal division will be a good starting point in most cases. Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981).