712 So.2d 1140 (1998)
Paul ROBERTSON, Appellant,
v.
Raquel BRETTHAUER, etc., Appellee.
No. 97-2838.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied July 15, 1998.
Roberta E. Robbins, Miami, for appellant.
Raquel Bretthauer, in pro. per.
Before JORGENSON, COPE and LEVY, JJ.
PER CURIAM.
Paul Robertson ("Robertson"), the former husband and non-custodial parent of three children, appeals the trial court's order denying his request for use of Federal Tax Dependency Exemptions for his children. For the following reasons, we reverse.
Robertson and his former wife, Raquel Bretthauer ("Bretthauer"), entered into a *1141 Marital Settlement Agreement in August 1994. The Final Judgment of Dissolution of Marriage was entered later that month and incorporated this agreement. In 1994 and 1995, Robertson claimed the Federal Tax Dependency Exemption for all three of his children. However, according to the agreement, after 1996 only the custodial parent could claim this dependency exemption. Robertson retained custody of the eldest child and Bretthauer retained custody of the two younger children. In May 1997, the trial court denied Robertson's petition seeking modification of the Federal Tax Dependency Exemption clause of the Marital Settlement Agreement.[1]
Since the dissolution in August 1994, Robertson has been paying 100% of the child support. In fact, Robertson currently contributes 40% of his net income for 100% of his children's support as determined by the court ordered support obligation. Bretthauer was not employed, claimed no income and produced no income tax returns. Thus, modification of the Federal Tax Dependency Exemption clause is beneficial because it is of much greater use to Robertson than Bretthauer.
The trial court, in its equitable power, can order a waiver of the dependency exemption. The majority American rule is that although the trial court does not have the absolute power to allocate the exemption directly, it can require the custodial parent to transfer the exemption to the non-custodial parent through the execution of a waiver. See Ford v. Ford, 592 So.2d 698 (Fla. 3d DCA 1991); Pineiro v. Pineiro, 683 So.2d 148 (Fla. 3d DCA 1996); Fenner v. Fenner, 599 So.2d 1343 (Fla. 4th DCA), review denied, 613 So.2d 3 (Fla.1992).
However, the transfer of the dependency exemption to the non-custodial parent is conditioned on that parent being current with support payments. See Ford, 592 So.2d at 704; Fenner, 599 So.2d at 1346. The trial court shall order the transfer of the dependency exemption conditioned upon Robertson being current with his support payments.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] The trial court also awarded Bretthauer arrearages based on unpaid support, and awarded her custody of the eldest child. Robertson claims to have paid off the remaining arrearage, and to be current in his child support payments.