780 So.2d 1022 (2001)
Kathleen J. KUNTZ, Appellant,
v.
Michael KUNTZ, Appellee.
No. 4D00-1349.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
*1023 Troy W. Klein, West Palm Beach, for appellant.
Gregory S. Burdick of Burdick, P.A., West Palm Beach, for appellee.
PER CURIAM.
We affirm the thoughtful final judgment of dissolution entered by the trial court.
On the relocation issue, section 61.13(2)(d), Florida Statutes (2000) "imposes an intensely fact specific framework on the relocation decision, where the trial judge may base a decision on what is best for the child, even though a result may not be best for the primary residential parent seeking to relocate." Flint v. Fortson, 744 So.2d 1217, 1218 (Fla. 4th DCA 1999). The trial judge extensively addressed the six factors enumerated in section 61.13(2)(d)1.-6. in his oral ruling and in the written final judgment. As we concluded in Flint, "[t]he standards of appellate review prevent us from reweighing the evidence and making the value judgments that are appropriate for the trial judge. Because there is substantial competent evidence to support the trial court's findings concerning the factors set forth in section 61.13(2)(d)1.-6., we must affirm the decision denying relocation." 744 So.2d at 1218-19 (citations omitted).
We also affirm the trial court's allocation between the parents of the federal tax exemption for the children. See § 61.30(11)(a)8., Fla. Stat. (2000); Robertson v. Bretthauer, 712 So.2d 1140, 1141 (Fla. 3d DCA 1998).
Finally, we affirm the trial court's finding that the former wife was "underemployed." Imputation of income for the purpose of the child support guidelines is appropriate where the court finds that a parent is underemployed and such "underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control." § 61.30(2)(b), Fla. Stat. (2000). There was evidence in the record to support the trial court's finding that the former wife was underemployed, in that she could be employed full-time earning $19.00 an hour as opposed to working forty per diem hours per week.
AFFIRMED.
WARNER, C.J., GROSS and HAZOURI, JJ., concur.