802 So.2d 1195 (2002)
Tammy Sue DAVIES, Appellant,
v.
Norman Ray TURNER, Appellee.
No. 1D00-4978.
District Court of Appeal of Florida, First District.
January 4, 2002.
Jed L. Frankel of Phillips, Eisinger, Koss, Rothstein & Rosenfeldt, P.A., Hollywood, for Appellant.
No appearance, for Appellee.
PER CURIAM.
Tammy Sue Davies (wife) challenges a final judgment of dissolution of marriage *1196 from the former husband, Norman Ray Turner. The wife raises four issues on appeal, three of which have merit and require reversal: 1) Whether the trial court erred in computing the retroactive child support owed by the former husband; 2) whether the trial court erred by allowing the former husband to claim the minor child as a dependent for income tax purposes where the former husband has a history of failing to make child support payments and the final judgment contained no requirement that the former husband be current in child support payments in order to claim the exemption; and 3) whether the trial court erred by failing to award the wife reasonable attorney's fees and costs in light of the wide disparity in income between the parties.
The order on appeal states that the wife shall be entitled to retroactive child support from the date of filing of the wife's petition for dissolution of marriage, February 3, 1999. The court found that there was an arrearage amount of $330, and denied any additional claims for support "based on an offset for childcare calculated and paid by the former husband when there were no childcare costs." The record on appeal, including the testimony, does not support the trial court's finding that the former husband only owed $330 in arrearage notwithstanding the deductions for overpaid childcare costs, and the trial judge does not explain how he reached this figure. We, therefore, must reverse on the issue of retroactive child support payments for the trial court to explain how it reached its determination or to conduct further proceedings on this matter.
Section 61.30(11)(a)8., Florida Statutes states that "the court may order the primary residential parent to execute a waiver of the Internal Revenue Service dependency exemption if the non-custodial parent is current in support payments." The trial court ordered the wife to execute an exemption for each even-numbered year, commencing with 2000. The trial court erred in not making the requirement conditional upon the former husband being current with support payments. Robertson v. Bretthauer, 712 So.2d 1140 (Fla. 3d DCA 1998). We, therefore, reverse this portion of the order and remand for the trial court to address this issue.
Finally, in light of the great disparity in income between the parties, we determine that the trial court erred in awarding the wife only $2,500 in attorney's fees. Hamlin v. Hamlin, 722 So.2d 851 (Fla. 1st DCA 1999). Upon remand, the trial court shall make the appropriate findings in accordance with the dictates of Hamlin in awarding attorney's fees to the wife.
WOLF, KAHN and BENTON, JJ., concur.