851 So.2d 898 (2003)
Arlene LAMONT, Appellant,
v.
Donald G. LAMONT, Appellee.
No. 4D02-3300.
District Court of Appeal of Florida, Fourth District.
August 13, 2003.
*899 Sara Lawrence of Law Office of Sara Lawrence, P.A., Miami, for appellant.
Thomas H. Connors of Law Office of Thomas H. Connors, Miami, for appellee.
SHAHOOD, J.
Arlene Lamont, the wife in this dissolution action, seeks review of the Final Judgment dissolving her marriage to Donald G. Lamont. She raises three issues on appeal. With respect to one issue raised, we hold the trial court erred in failing to award the wife permanent periodic alimony. We affirm as to all other issues raised.
The parties were married in 1973 and separated in 1996, a period of twenty three years. At the time of the final hearing in May of 2002 the wife was sixty six years old and in relatively good health. The husband was sixty nine years old and in relatively good health.
From the date of the parties' separation in 1996 to the date of the final hearing, the husband paid the wife's living expenses, approximately $1300 a month. The wife also received, and continues to receive, $525 per month from social security. Those were her only sources of income. Although she worked for some periods outside the home, the wife was primarily a homemaker during the twenty-three year marriage.
The husband's income consisted of a monthly social security payment in the amount of $993, a $1,000 a month salary from a driving school of which he is part owner, and approximately $2,000 from his retirement.
The trial court denied the wife's request for alimony finding that she "certainly has a need for alimony," but the husband "has no real ability to pay." As part of the equitable distribution scheme, the court entered a qualified domestic relations order (QDRO) directing one-half of the husband's pension payments to be distributed to the wife. As a result, pursuant to the Final Judgment and the QDRO, the wife has an income of $525 per month from social security and approximately $1,000 per month from the husband's pension for a total monthly income of $1,525. The husband's total monthly income is approximately $2,993.
Two primary considerations in determining permanent periodic alimony are "the monetary needs of the receiving spouse and the ability of the other spouse to pay." Weeks v. Weeks, 416 So.2d 811, *900 812 (Fla. 4th DCA 1982); see also § 61.08(2)(a)-(g), Fla. Stat. (2002). Permanent alimony is awarded to enable the former spouse to maintain the lifestyle enjoyed during the marriage. See Knecht v. Knecht, 629 So.2d 883, 887 (Fla. 3d DCA 1993), rev. denied, 639 So.2d 978 (Fla. 1994).
In this case, as a result of the trial court's equitable distribution plan, the husband's monthly income is approximately double that of the wife's. Although the husband claims he is unable to pay alimony, it was pointed out below that when the parties were separated, he managed to pay the wife's monthly expenses of $900 per month plus credit card payments of $400 per month. Under these circumstances, the trial court erred in concluding that the husband did not have the ability to pay alimony despite the wife's clear need.
Accordingly, based on the facts of this case, we reverse and remand with instructions to determine the amount of permanent periodic alimony to be awarded to the wife in accordance with section 61.08, Florida Statutes (2002).
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.