914 So.2d 524 (2005)
Dena STERN, Appellant,
v.
Robert CHOVNICK, Appellee.
No. 4D04-2712.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
*525 Mitchell Haymes of Law Offices of Glantz & Glantz, P.A., Plantation, for appellant.
William L. Gardiner, III of Conrad & Scherer, LLP, Fort Lauderdale, for appellee.
WARNER, J.
The wife appeals a final judgment of dissolution claiming that the trial court awarded too little child support to her, failed to award attorney's fees, erred in allocating marital debt, and mistakenly required her to pay one-half of the children's uncovered medical expenses. Because the court imputed income to the wife, as well as awarded her rehabilitative alimony, the calculation of child support based upon the wife's income was not an abuse of discretion nor was the denial of an award of attorney's fees. However, we reverse the requirement that the wife pay one-half of the children's uncovered medical expenses, as this issue is conceded by the husband.
The parties were married for nine years and had moved from New York to Florida in 2000. Although at that time the wife was not working because of the demands of the children, the wife had a good employment history, commanding a salary of over $50,000 in 1998. When marital problems developed, the wife focused on obtaining employment in Florida. At the time of trial she testified that she had a job opportunity that would pay between $40,000 and $60,000 per year. The husband's vocational expert testified that he found jobs paying $45,000 and more for a person with the wife's experience. In its oral pronouncement of the decision, the court noted the wife's current opportunity of $40,000 per year, as well as the expert's testimony, and imputed an income of $40,000 per year to the wife.
Despite the immediate availability of employment, the court also awarded the wife $3,500 in rehabilitative alimony. Thus, the wife's gross income for child support purposes amounted to $82,000 per year, consisting of imputed income and rehabilitative alimony. After taxes, the wife's net income was $5,479 per month. The court calculated the parties' child support obligations using that amount of income for the wife, and $140,000 per year for the husband less the amount of alimony payable to the wife and taxes, which left the husband with a net income of $6,204 per month. After performing the calculations under the child support guidelines, the husband was ordered to pay fifty-three percent of the child support obligation and the wife was ordered to pay forty-seven percent.
The wife argues that the imputation of $40,000 in annual income for the purposes of child support determination constituted an abuse of discretion. She notes that when the $40,000 in imputed income is added to the rehabilitative alimony she is receiving, her share of the child support is based on a gross annual income of $82,000 per year. She argues that this *526 conclusion is nonsensical, because income is being imputed to her during her rehabilitation period, in which she is expected to move into a new home and secure permanent employment.
A court's imputation of income must be supported by competent substantial evidence. Harbus v. Harbus, 874 So.2d 1230, 1230 (Fla. 4th DCA 2004). The wife herself testified that she had a current job opportunity of $40,000, and the husband's expert also testified to current available jobs of comparable salary. Given the immediate availability of employment, the court was reasonable in imputing income. And while it seems incongruous to impute income and provide rehabilitative alimony, the husband does not challenge the award of alimony.
Section 61.30(2)(a)9., Florida Statutes (2004), provides that the court should include alimony for the purposes of determining income for the basis of child support. It should also impute income to a voluntarily unemployed or underemployed parent. See § 61.30(2)(b), Fla. Stat. (2004). The court correctly calculated the child support based upon its findings regarding income and its award of alimony. Although a revision in child support may be necessary when the rehabilitative alimony ceases, depending upon the income of the wife, the current calculations are not an abuse of discretion.
We also find no error in the trial court's denial of attorney's fees to the wife. The trial court's attorney's fees determination is reviewable for an abuse of discretion. Ondrejack v. Ondrejack, 839 So.2d 867, 872 (Fla. 4th DCA 2003). Where the parties are in substantially equal financial positions, fees should not be awarded. See Kovar v. Kovar, 648 So.2d 177, 179-80 (Fla. 4th DCA 1994). Here, the parties' assets were equally divided. While the husband had more income, he was ordered to pay rehabilitative alimony and child support. The court found that the wife was immediately employable. A court may consider imputed income in deciding whether an award of attorney's fees is justified. See Freilich v. Freilich, 897 So.2d 537, 544 (Fla. 5th DCA 2005).
When all the circumstances are considered, the husband's income after dissolution does not exceed the wife's by a substantial amount. Each party has approximately the same ability to pay attorney's fees. The court did not abuse its discretion in denying the wife an award for attorney's fees.
Finally, the husband concedes that the final judgment mistakenly requires the wife to pay one-half of the minor children's uncovered medical expenses. Section 61.30(8), Florida Statutes, requires parents to pay such expenses in accordance with their percentage share of child support. Here the wife's share of expenses should be no more than forty-seven percent.
Based upon the foregoing, we affirm the final judgment except with regards to the responsibility for the children's uncovered medical expenses, which we reverse for correction on remand.
GUNTHER and POLEN, JJ., concur.