957 So.2d 89 (2007)
Michael Bryan WAMSLEY, Appellant/Cross-Appellee,
v.
Ann Marie WAMSLEY, Appellee/Cross-Appellant.
Nos. 2D05-5228, 2D05-6130, 2D06-582.
District Court of Appeal of Florida, Second District.
May 11, 2007.
*90 Joryn Jenkins of Joryn Jenkins & Associates, Tampa, for Appellant/Cross-Appellee.
Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellee/Cross-Appellant.
LaROSE, Judge.
Michael Bryan Wamsley (the Husband) appeals three partial final judgments entered in his dissolution action below. We dismiss his challenge to the trial court's ruling that Ann Marie Wamsley (the Wife) is entitled to attorney's fees. Because the trial court did not determine a fee amount, that order is not appealable. See Salem v. Abram, 868 So.2d 1213, 1214 (Fla. 2d DCA 2004). We affirm the trial court's rulings on the Husband's remaining issues without further discussion.
In her cross-appeal, the Wife argues that the trial court erred in excluding business "pass-through" income and employment benefits from the Husband's gross *91 income, in awarding the federal dependency tax exemption to the Husband, and in setting an inadequate interest rate for the equitable distribution payment schedule. We conclude that the trial court properly excluded the Husband's pass-through income from his gross income, and we explain our reasoning below. We reverse the dependency tax exemption award. As we explain more fully below, the trial court did not require the Wife to waive the exemption and failed to make the award contingent upon the Husband staying current in his support payments. The Husband properly concedes that the interest rate applicable to the equitable distribution payment schedule should reflect the 2006 statutory interest rate of nine percent. Thus, we reverse as to this issue. We affirm the exclusion of the employment benefits without discussion.

Pass-Through Income
The Husband is the Chief Executive Officer and majority shareholder of a company recognized as a Subchapter S Corporation under the Internal Revenue Code. Federal tax law requires him to report pass-through income[1] to the IRS on a K-1 statement. The Husband's 2003 and 2004 K-1 statements reported $71,725 and $118,926 of pass-through income, respectively. His financial affidavits in the trial court, however, showed no such income.
The Husband testified that he never actually received any pass-through income; his company had no cash to distribute to its shareholders. According to the Husband, his company faced several lawsuits and was heavily indebted. As a result of industry changes, his company's inventory became outdated. His company lost money in a failed investment, and members of management quit.
The Wife argues that the trial court failed to assess the Husband's pass-through income under Zold v. Zold, 911 So.2d 1222 (Fla.2005). In Zold, the supreme court set the standard for determining whether undistributed pass-through income should be included as gross income under chapter 61. "[T]he shareholder-spouse should have the burden of proving that the undistributed `pass-through' income was properly retained for corporate purposes rather than impermissibly retained to avoid alimony, child support, or attorney's fees obligations by reducing the shareholder-spouse's amount of available income." Zold, 911 So.2d at 1233. To determine whether the shareholder-spouse has met this burden, the trial court should consider:
(1) the extent to which a shareholder-spouse has access to or control over "pass-through" income retained by the corporation, (2) the limitations set forth in section 607.06401(3) governing corporate distributions to shareholders, and (3) the purpose(s) for which the "pass-through" income has been retained by the corporation.
Id.
Although Zold postdated the final hearing in this case, the evidence before the trial court supports the exclusion of the Husband's pass-through income. The Husband was a shareholder in his company. Yet, he testified that his company could not make a cash distribution. His company had significant liabilities. The loss of management, outdated inventory, and failed investments could affect the *92 company's ability to pay its debts. Thus, the trial court could reasonably conclude that the company retained its resources to meet its business obligations and survive. See § 607.06401(3)(a), Fla. Stat. (2005) ("No distribution may be made if, after giving it effect . . . [t]he corporation would not be able to pay its debts as they become due in the usual course of business. . . ."); see also McHugh v. McHugh, 702 So.2d 639, 641 (Fla. 4th DCA 1997), cited with approval in Zold, 911 So.2d at 1234.
The Wife presented no evidence that the Husband withheld distributions to avoid alimony or child support obligations. Nor did she rebut evidence that the Husband withheld distributions for corporate purposes. The trial court did not err in excluding undistributed pass-through income from the Husband's gross income.

Dependency Tax Exemptions
The trial court awarded primary residential custody of the children to the Wife. The Husband's arrearages for alimony, child support, and medical expenses exceeded $20,000. The trial court awarded the Husband federal income tax exemptions for the children because the Husband was responsible for most of their financial support.
The custodial parent presumptively is entitled to the exemptions but may release them to the noncustodial parent. Harris v. Harris, 760 So.2d 152, 153 (Fla. 2d DCA 2000); see also 26 U.S.C. §§ 151(c), 152(e)(2) (2004). "The court may order the primary residential parent to execute a waiver of the . . . exemption[s] if the noncustodial parent is current in support payments." § 61.30(11)(a)(8), Fla. Stat. (2005). The trial court cannot allocate the dependency tax exemption directly. It can, however, require the custodial parent to execute a waiver transferring the exemptions to the noncustodial parent. Robertson v. Bretthauer, 712 So.2d 1140, 1141 (Fla. 3d DCA 1998).
Recognizing that the Husband shouldered most of the children's financial support responsibilities, the trial court awarded the exemptions to him. However, the Wife did not execute a waiver of exemptions. The trial court should have required such a waiver. See § 61.30(11)(a)(8); Robertson, 712 So.2d at 1141.
Additionally, in giving the exemptions to the Husband, the trial court failed to condition that award on the Husband being current in his support obligations. See Davies v. Turner, 802 So.2d 1195, 1196 (Fla. 1st DCA 2002) (holding the trial court erred when it ordered the former spouse to execute a waiver of the dependency exemption without making it conditional on the other former spouse being current with support payments). The Husband was in arrears. Accordingly, on remand, if the trial court awards the Husband the dependency tax exemptions, the Wife's waiver should be conditioned upon the Husband being current in his support obligations. We reverse the award of the dependency tax exemptions to the Husband and remand for further consideration.
Affirmed in part, reversed in part, and remanded for further proceedings.
DAVIS and VILLANTI, JJ., Concur.
NOTES
[1] "Pass-through" income reflects a Subchapter S Corporation's income and losses not taxed at the corporate level, but taxed directly to the corporation's shareholders on a prorata basis. Friedman v. C.I.R., 216 F.3d 537, 538-39 n. 2 (6th Cir.2000) (citing 26 U.S.C. § 1366).