VILLANTI, Judge.
In this appeal, Scott Bishop (the Husband) challenges two aspects of the final judgment of dissolution of marriage: (1) the award of permanent alimony to Bridget Bishop (the Wife) and (2) the award of alimony and child support as applied retroactively to May 1, 2006. Finding no abuse of discretion, we affirm on the second issue without comment. However, we reverse on the first issue because the trial court applied the incorrect law concerning the term of the parties’ marriage.
It was undisputed below that the term of the parties’ marriage from its inception to the parties’ separation was just over twelve years. Shortly after separating, the Wife filed her petition seeking dissolution and assorted relief, including alimony. In this case, the trial court correctly chose the petition’s filing date as “the only sensible date from which to measure the termination of the marriage because on this date, the party filing the [pjetition avers that the marriage is irretrievably broken.” Martinez v. Martinez, 761 So.2d 433, 436 n. 1 (Fla. 3d DCA 2000), overruled in part on other grounds by Zold v. Zold, 911 So.2d 1222, 1234 (Fla.2005). Further, the parties do not dispute that the resulting term of their marriage qualifies it as being in the “gray area” and that there is thus no resulting presumption for or against an award of permanent alimony. See, e.g., Jessee v. Jessee, 961 So.2d 1118, 1120 (Fla. 2d DCA 2007) (121/2-year marriage); Gregoire v. Gregoire, 615 So.2d 694, 694 (Fla. 2d DCA 1992) (11-year marriage).
Nevertheless, the final judgment clearly indicates that “[t]he [cjourt finds the parties’ marriage to be long term, with the accompanying presumption in favor of permanent alimony.” This clear legal error cannot be regarded as a mere misnomer nor can it be attributed to a scrivener or word processing error for two reasons. First, when the parties proactively brought this error to the trial court’s attention on a motion for rehearing, the court denied the motion without comment. Second, we cannot determine from the face of the record and under the circumstances of this case whether the trial court would have awarded permanent alimony had it applied the correct standard. Therefore, we are compelled to reverse the award of permanent alimony.
On remand, the trial court must apply the correct legal standard applicable to a “gray area” marriage in determining whether an award of permanent alimony is appropriate. In doing so, the court in its discretion may consider further evidence.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND and CANADY, JJ„ Concur.