DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CECILIA ABRAMOVIC,**
Appellant,

v.

**DAN ABRAMOVIC,**
Appellee.

Nos. 4D15-250 and 4D15-279

[March 23, 2016]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502013DR003230XXSB.

Jamie Billotte Moses of Fisher Rushmer, P.A., Orlando, for appellant.

Dan Abramovic, Boynton Beach, pro se.

MAY, J.

The former wife appeals a final dissolution of marriage and a subsequent order compelling her compliance with equalizing payments and awarding attorney's fees. She argues the trial court erred in requiring her to make an equalizing payment she could not afford, in giving the former husband the dependency exemption without conditioning it on the former husband's compliance with his child support obligations, and not alternating the dependency exemption between the parties. She also argues the court erred in compelling her compliance with the equalizing payments and awarding attorney's fees and costs. We agree and reverse.

The former wife petitioned for dissolution of marriage. The former husband answered and counter-petitioned. The parties submitted an Agreed Final Judgment of Dissolution of Marriage dissolving the marriage, leaving all remaining issues to be decided. Both parties agreed on the distribution and setting aside of the marital assets and liabilities, alimony, child support, and attorney's fees. They could not agree, however, on an equalizing payment, the return of the former husband's personal belongings inside the marital home, and the parenting plan. The matter proceeded to trial.

During opening statement, the former husband's counsel argued the former wife should pay an equalizing payment in the amount of $15,409 based on the agreed distribution of assets. Counsel also argued the child dependency exemption should alternate between the parties each year. The evidence presented concerned the minor child, the parenting plan, and the value and whereabouts of the former husband's collector coins and guitars inside the marital home.

During closing argument, the trial court asked the former wife's counsel if he envisioned his client making an equalizing payment, to which counsel responded that his client had no ability to make such payments. The former husband's counsel argued that under the terms of the agreed equitable distribution, the former husband receives a deficit in assets and liabilities and the former wife receives a surplus. Thus, an equalizing payment of $15,409 was required to reach an even equitable distribution.

The trial court entered its final judgment of dissolution. The court outlined the equitable distribution of marital assets and liabilities. The court found that an equalizing payment was necessary to do equity between the parties because of the marital debt.

The order stated, "While minimal evidence was adduced during the hearing concerning the method of payment, the [c]ourt is confident that installment payments are appropriate under the circumstances." The court ordered the former wife to pay $700.41 per month for twenty-two months to meet the equalizing amount. The order also provided,

> In the event of any default by [f]ormer [w]ife in making the equalizing installment payments, [f]ormer [h]usband shall be entitled to an income withholding deduction order on application to the [c]ourt. Former [w]ife shall be liable for any attorney fees or costs associated with obtaining such a deduction order upon [f]ormer [w]ife's default.

The court also found that the former husband was "entitled to claim the parties' child as a dependent for income-tax deduction purposes."

The former wife moved for rehearing and argued that the evidence did not support the equalizing payment and that an income deduction order cannot be entered to effectuate the equitable distribution plan. She also argued that the former husband should not receive the dependency exemption because the child resides with her for 235 nights, and the court should allow the parties to alternate the years they claim the minor child

as a dependent. The former husband also moved for clarification and rehearing of the parenting plan.

The trial court granted the former wife's motion for rehearing in part. The court recognized that the order should not have provided that the former wife's failure to make the monthly equalizing payments could be remedied by the former husband seeking an income deduction withholding order. The court, therefore, amended its final judgment by eliminating that requirement, but it still required the former wife to make an equalizing payment of $700.41 per month for twenty-two months. It provided for the former wife to be liable for the former husband's fees and costs associated with taking legal action if the former wife defaulted. The court denied the remainder of the former wife's motion and the former husband's motion for rehearing. From these orders, the former wife appealed.

After the notice of appeal was filed, the former husband moved to enforce the former wife's equalizing payments. He argued the former wife failed to make the required payments, and requested attorney's fees and costs associated with his motion. The former wife admitted her failure to make the required payments, but she managed to pay $25 per month for five months. The trial court entered a detailed order requiring the former wife to pay her past due equalizing payments and the former husband's attorney's fees and costs, both amounts to bear interest at the rate of 4.75% per year. The former wife amended her notice of appeal to include this order.

On appeal, the former wife argues the trial court erred in ordering her to make an equalizing payment of $15,409 in twenty-two monthly installments because: (1) her financial affidavit showed she had a net deficit income every month, (2) the former husband failed to present evidence of her ability to pay, and (3) the court made no findings justifying the equalizing payment.

We review equitable distribution orders for an abuse of discretion. *Bell v. Bell*, 68 So. 3d 321, 328 (Fla. 4th DCA 2011).

Here, the parties prepared a joint pretrial statement agreeing on how the marital assets and liabilities would be equitably distributed. The former wife argues the marital debt should have been unequally distributed because she had significantly less income than the former husband. But, the former wife provided no rationale for this argument.

She next argues the trial court erred in imposing an equalizing payment plan. "[A] lump sum equalizing payment to accomplish equitable

3

distribution 'is properly awarded only when the evidence reflects a justification for such an award *and the ability of the paying spouse to make the payment without substantially endangering his or her economic status.*'" *Fortune v. Fortune*, 61 So. 3d 441, 446 (Fla. 2d DCA 2011) (emphasis added) (quoting *Bishop v. Bishop*, 47 So. 3d 326, 331 (Fla. 2d DCA 2010)). We agree with the former wife. There was no evidence to establish the former wife's ability to make such payments. In fact, the record indicates that she could NOT make the ordered payments. Because the record is devoid of evidence supporting the former wife's ability to pay, and the trial court made no factual findings, we reverse the final judgment of dissolution and the subsequent order enforcing it and awarding attorney's fees and costs. *See Rizer v. Rizer*, 691 So. 2d 541 (Fla. 2d DCA 1997).

The former wife next argues the trial court erred in awarding the dependency exemption to the former husband for two reasons. First, the former husband's counsel asked for the exemption to alternate between the parties. Second, the trial court failed to condition the exemption on the former husband being current in his child support obligations.

We review a trial court's decision on which parent can claim a dependency exemption for income tax purposes for an abuse of discretion. *Salazar v. Salazar,* 976 So. 2d 1155, 1158 (Fla. 4th DCA 2008).

"Section 61.30(11)(a)(8) authorize[s] the circuit court to consider the impact of the dependency exemption in determining the child support award." *El-Hajji v. El-Hajji,* 67 So. 3d 256, 259 (Fla. 2d DCA 2010). "The custodial parent presumptively is entitled to the [tax] exemptions but may release them to the noncustodial parent." *Wamsley v. Wamsley,* 957 So. 2d 89, 92 (Fla. 2d DCA 2007) (citing *Harris v. Harris,* 760 So. 2d 152, 153 (Fla. 2d DCA 2000)). A final judgment awarding a dependency tax exemption "must require that the exemption be conditional on the paying spouse's 'being current in his support obligations.'" *Fortune,* 61 So. 3d at 447 (quoting *Wamsley,* 957 So. 2d at 92).

Here, both parents are custodial, but the former wife is the primary custodial parent. She has a total of 235 overnights with the minor child per year; the former husband has a total of 130. The former husband, however, pays for more of the minor child's expenses. But, the order does not justify why the exemption was given to the former husband yearly in light of the former husband's counsel requesting alternate years and the lack of a waiver on the part of the former wife.

We therefore reverse and remand the case to the trial court to reconsider the amount of the equalizing payment and to condition the

dependency exemption on the former husband's compliance with child support obligations and reconsider whether the exemption should alternate.

*Reversed and Remanded.*

STEVENSON and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***