365 So.2d 791 (1978)
Nancy Lee KVITTEM, Appellant,
v.
Bradley M. KVITTEM, Appellee.
No. 77-1787.
District Court of Appeal of Florida, Fourth District.
December 20, 1978.
Rehearing Denied January 23, 1979.
H.C. Feige of Patterson, Maloney & Shankweiler, Fort Lauderdale, for appellant.
G. Laurence Baggett of Andrews, Voorheis, Lehrer & Baggett, Fort Lauderdale, for appellee.
LETTS, Judge.
This case involves the dissolution of a long-term marriage of nearly twenty years duration and two children. The trial judge awarded no permanent alimony. We reverse and remand.
The parties were married for nineteen years and had two children, one of whom is still a minor. The husband is a successful orthodontist and earned $56,000 in 1976. The wife who worked to help the husband through school, and during the period when he was first establishing his practice, is the income beneficiary of trusts controlled by her father from which she has been receiving about $10,000 a year. She currently holds a job paying approximately $9,100 a year. She is 41, able-bodied and capable of working, which she is in fact doing.
The final judgment awarded the wife $600 per month rehabilitative alimony for two years. No permanent alimony was awarded; however, at the end of the two year period the child support is to be increased by $200 per month until such time as that child reaches her majority.
We are of the opinion that this is a factual setting under which permanent alimony should have been awarded. The wife is already working and there is no evidence in the record that she is going to be capable of securing a job that pays any more than the one which she had at the time of the final hearing. Accordingly, if she needs alimony now she will need it just as much 24 months later. McCloskey v. McCloskey, 359 So.2d 494, 497 (Fla. 4th DCA 1978). Moreover, we note in the final judgment, the judge apparently was of the opinion that the wife would need $200 more in child support, once *792 the rehabilitative alimony ceased. To us, this would appear to indicate either that the child support is presently inadequate (which the sum awarded does not indicate) or that the judge is in effect recognizing that the wife herself will need some additional support after the rehabilitative alimony ceases.
As a consequence, we hold that the trial judge was in error and this cause is remanded in order that he may consider an award of permanent alimony although we do not seek to direct that a minimum of $600 must be awarded. We are not unaware of the wife's uncertain income from the trusts controlled by her father which the husband suggests he (the father) may be manipulating to suit his own caprices. Nonetheless we feel that the husband's rights in the future can be safeguarded. In the event the wife's income increases substantially, then recourse may be had to the trial judge for a reconsideration of the alimony question. Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
Under all the circumstances of this case we find the remaining points on appeal to be without merit.
REVERSED AND REMANDED.
ANSTEAD and DAUKSCH, JJ., concur.