383 So.2d 987 (1980)
Jean B. WAGNER, Appellant,
v.
L. Reginald WAGNER, Appellee.
No. 79-1373.
District Court of Appeal of Florida, Fourth District.
May 28, 1980.
*988 Steven A. Hirsch and H.T. Maloney of Patterson, Maloney, Blyler & Feige, Fort Lauderdale, for appellant.
James A. Belcher of Law Offices of James J. Belcher, Pompano Beach, for appellee.
HERSEY, Judge.
Upon termination of a marriage that spanned nearly twenty years and produced two children, still minors, appellant was awarded $500.00 a month for five years as rehabilitative alimony. She appeals. We reverse that award.
The allowance for child support and provisions pertaining to property interests are within the ambit of reasonable discretion and we do not concern ourselves with those.
Nor do we find the amount of the alimony award such that reasonable men could not differ as to its reasonableness.
We are, however, troubled by, and we therefore address, the legal question of the characterization of the alimony award as rehabilitative.
The record discloses that while the wife has obtained a real estate license and has some slight experience in modeling, neither of those fields offers any promise of a significant yield of income. She is primarily a teacher currently employed at a salary of $12,000.00 per annum with every expectation of modest, periodic, incremental increases. There is no evidence that she ever earned more nor any indication that an expectation of substantial increases would be justified. Under these circumstances there is no "rehabilitation" possible nor "habilitation" to greater financial success reasonably to be anticipated.
The award should have been for permanent alimony. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977); Kvittem v. Kvittem, 365 So.2d 791 (Fla. 4th DCA 1978).
Application of the correct legal rule is not a matter of discretion; consequently, characterizing the alimony award as rehabilitative is erroneous as a matter of law. Canakaris v. Canakaris, 382 So.2d 1197, 1980 FLW 59 (Fla. Jan. 31, 1980). We reverse on that basis.
We do not detail the financial comparison between the parties as that goes more to the amount than to the character of the alimony award. As indicated previously, the amount of the award, while not so unreasonable as to be an abuse of discretion, was low under the circumstances revealed by the record before us. Since the amount was established in the context of a rehabilitative setting it will necessarily have to be revisited by the trial judge on *989 remand and brought into focus as a permanent, periodic award of alimony, subject to being tested by the standards ample precedent supplies for that purpose.
The judgment appealed from is reversed and the cause remanded for further proceedings in accordance with our holding.
REVERSED AND REMANDED.
BERANEK, J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, specially concurring:
I concur in the result announced in the majority opinion, but I do not agree with the majority's characterization of the amount of the award as "low."