PER CURIAM.
After a final judgment of dissolution of a marriage of 37 years duration, the husband appeals the award of his one-half interest in the marital home to the wife as lump sum alimony.
The wife, who was 57 years of age at the time of the entry of the final judgment, complains[1] of an award of $100 a month for a 2 year period as rehabilitative alimony. Her complaint is that it should have been permanent. No complaint is made as to the amount. The wife also complains of the division of a joint savings account.[2]
We affirm the final judgment in all respects except that we modify it by making the alimony permanent rather than rehabilitative under the reasoning of Wing v. Wing, 429 So.2d 782 (Fla. 3d DCA 1983); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Kvittem v. Kvittem, 365 So.2d 791 (Fla. 4th DCA 1978). Therefore the final judgment under review is modified by substituting “permanent” for “rehabilitative” as to alimony and striking the 2 year period, and after such is affirmed.
Affirmed as modified.

. No cross-appeal was taken by the appellee in accordance with Rule 9.100(g) Fla.R.App.P., but the points were raised in the appellee’s brief and considered under the authority of City of Hialeah v. Martinez, 402 So.2d 602 (Fla. 3d DCA 1981).

. The final judgment also made a division of other real and personal property, but this division is not disputed by either party.