PER CURIAM.
This is an appeal by the wife from a Final Judgment of Dissolution awarding her temporary rehabilitative alimony of $500 a month for three years. We reverse.
Rehabilitative alimony is intended to establish a capacity for self-support of the receiving spouse, either through redevelopment of previous skills or provision of training necessary to develop potential supportive skills. By now it is well established that in marital dissolution proceedings the trial judge must insure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune. In viewing the totality of the circumstances, one spouse should not be “shortchanged.” Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Here there was evidence that the forty-one-year-old wife has worked, throughout the ten year marriage, as a hairdresser and supplemented her income by applying artificial nails at home. The husband asserts that in this employment she earned a maximum of $24,000 annually while the wife argues that she only earns $16,000 annually. In contrast the evidence shows that the husband earns approximately $70,000 annually. Additionally the husband points out that the wife recently obtained her General Equivalency Diploma (GED). Even assuming that the wife does earn the amount which the husband urges the court to accept, the evidence does not establish that the wife is a candidate for rehabilitation. There was no evidence indicating how the wife could be rehabilitated with her GED to increase her income to an amount beyond *168 $24,000 or an amount approaching the lifestyle previously enjoyed by the parties during the course of the marriage. Where there is no indication that an expectation of substantial increases in income would be justified, then there is no “rehabilitation” nor possible “habilitation” to greater financial success reasonably to be anticipated. Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980).
We reverse and remand with instructions to award the appellant permanent periodic alimony in lieu of rehabilitative alimony. Moreover, it is herein recorded that, in light of the circumstances of the parties, an award of $500 per month alimony is insufficient. We remand for readjudication of the appropriate amount of alimony and authorize the trial court to decide the amount of alimony based upon the current record or to entertain additional testimony as to the circumstances of the parties as it deems necessary. See generally 25 Fla.Jur.2d Family Law § 409 (1981).
GLICKSTEIN, WALDEN and GARRETT, JJ., concur.