685 So.2d 61 (1996)
Barbara Ann CAMPBELL, Appellant,
v.
Coy Franklin CAMPBELL, Appellee.
No. 96-1785.
District Court of Appeal of Florida, First District.
December 19, 1996.
Wayne P. Willis, Pensacola, for Appellant.
Paul L. Cummings, Pensacola, for Appellee.
PADOVANO, Judge.
Barbara Campbell appeals a final judgment dissolving her marriage to Coy Campbell. She contends that the trial court abused its discretion in denying her claim for permanent periodic alimony and awarding rehabilitative alimony instead. We agree and reverse.
The Campbells had been married for nearly 29 years when their marriage was dissolved. Mr. Campbell is employed as deputy sheriff for the Escambia County Sheriff's Department in a career he has pursued throughout the greater part of the marriage. His income from this employment and additional part-time work as a security guard is approximately $45,000.00 per year. Mrs. Campbell worked in the home for all but four years of the marriage to raise the parties' two children, both of whom are now adults. She is 49 years old and in good health but she has not worked outside the home since 1971 when she was employed as a nurse's aide. Although Mrs. Campbell has expressed a willingness to return to work as a nurse's aide, she is presently at home caring for her elderly grandmother. For this service she receives $250.00 per month compensation from other members of the family.
On April 11, 1996, the trial court rendered a final judgment dissolving the marriage. After dividing the property and resolving other matters not pertinent here, the trial court ordered Mr. Campbell to pay rehabilitative alimony to Mrs. Campbell in the sum of $775.00 per month for 30 months. The court found that Mrs. Campbell would be able to support herself before the end of the rehabilitation period and therefore declined to award permanent alimony. The court reserved jurisdiction, however, to convert the *62 rehabilitative alimony to permanent alimony if the rehabilitative alimony proved to be inadequate.
Rehabilitative alimony is not a substitute for permanent periodic alimony. As the supreme court explained in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the purpose of rehabilitative alimony is "to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Id. at 1202. Applying this general principle, we have held that rehabilitative alimony is inadequate if there is no reasonable prospect the receiving spouse will become self-supporting by the end of the rehabilitation period. Echols v. Elswick, 638 So.2d 581 (Fla. 1st DCA 1994); Wolff v. Wolff, 576 So.2d 852, (Fla. 1st DCA 1991); Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA), rev. den'd, 536 So.2d 243 (Fla. 1988); Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986). It would be proper to award rehabilitative alimony during a period in which the receiving spouse is pursuing additional education, but only if the parties have presented detailed evidence of the cost of the education, the prospects of subsequent employment, and the time it will take the receiving spouse to reach an appropriate income level. Anderson v. Anderson, 617 So.2d 1109 (Fla. 1st DCA 1993).
In the present case, the parties did not offer a specific plan of rehabilitation and the record does not show that Mrs. Campbell will be able to support herself within the rehabilitation period set by the court. To her credit, Mrs. Campbell expressed interest in obtaining the training and certification that would enable her to resume her employment as a nurse's aide. We can only speculate, however, that she will soon be able to resume this vocation she gave up nearly 25 years ago to work in the home.
The primary elements to be considered in evaluating a claim for permanent periodic alimony are the needs of one spouse and the financial ability of the other. As the supreme court explained in Canakaris, the criteria for determining needs and ability include, "the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estate." 382 So.2d at 1201. By this standard, Mrs. Campbell is entitled to permanent periodic alimony. The parties were married to each other for a very long time and there is vast difference in their present earning abilities. Mr. Campbell is a career law enforcement officer who can now earn approximately $45,000.00 per year. In contrast, Mrs. Campbell worked in the home for the last 25 years of the marriage and she would now be entering the job market at the age of 49 with only a high school diploma. Without regular support payments, she will be unable to maintain the standard of living established during the marriage.
For these reasons, we conclude that the trial court abused its discretion in awarding rehabilitative alimony instead of permanent alimony. The judgment is reversed and the case is remanded for consideration of the proper amount of permanent alimony.
Reversed.
BOOTH and VAN NORTWICK, JJ., concur.