864 So.2d 22 (2003)
Mark WEINTRAUB, Appellant/Cross-Appellee,
v.
Lynne WEINTRAUB, Appellee/Cross-Appellant.
No. 2D03-154.
District Court of Appeal of Florida, Second District.
November 14, 2003.
Rehearing Denied January 30, 2004.
*23 Larry R. Chulock of Harrison, Hendrickson & Kirkland, P.A., Bradenton, for Appellant.
Angela D. Flaherty of Syprett, Meshad, Resnick, Lieb, Dumbaugh, Jones, Krotec & Westheimer, Sarasota, for Appellee.
WHATLEY, Judge.
The husband, Mark Weintraub, appeals a final judgment dissolving his marriage to Lynne Weintraub, the wife, arguing that the trial court erred in awarding permanent periodic alimony and rehabilitative alimony. The wife cross-appeals the trial court's valuation of the husband's business. We affirm without discussion the award of permanent alimony in the amount of $3084 per month and the trial court's valuation of the husband's business in the sum of $42,500. We reverse the rehabilitative alimony award of $4584 per month.
The husband is a physician who earned $270,000 in 2002. The wife has a bachelor's degree in biology and a master's degree in genetics. The wife worked periodically as a genetics counselor during the parties' seventeen-year marriage.[1] The wife last worked in the genetics field in 1996. The trial court found that the wife's maximum first year earning potential would be $40,000 in the field of genetics. It further found that, assuming the wife immediately became employed in the genetics field, in four years her imputed amount would be $55,000.
The wife testified that she left the field of genetics in 1996, and she no longer wanted to pursue a career in genetics. The wife testified that she wanted to start a small business in the field of fine chocolates and gourmet desserts. The wife had no prior experience in running such a business and provided no evidence regarding the income that such a business would generate. In fact, she testified that her involvement to date in the potential business was on a "casual basis," and she had no idea regarding how much money she would be able to make in the chocolate business.
The trial court awarded the wife rehabilitative alimony for a period of four years "in order to get the business off the ground, or failing that to return to her former profession." This award of alimony is improper because the wife failed to present evidence of a rehabilitative plan supporting such an award. See Bryan v. Bryan, 765 So.2d 829, 831 (Fla. 1st DCA 2000) (holding that rehabilitative alimony cannot be awarded absent a rehabilitative plan). The purpose of rehabilitative alimony is to permit a spouse to obtain a skill, education, or rehabilitation in order to establish the capacity for self-support. Campbell v. Campbell, 685 So.2d 61, 62 (Fla. 1st DCA 1996); Brock v. Brock, 682 So.2d 682, 683 (Fla. 5th DCA 1996). The party seeking rehabilitative alimony must present detailed evidence regarding the cost of "the education, the prospects of subsequent employment, and the time it will take the receiving spouse to reach an appropriate income level." Campbell, 685 So.2d at 62.
In the present case, there was no testimony regarding the time it would take the wife to reach an appropriate income level. Both the wife and the wife's vocational expert testified that there was no way to determine how much money the business would make in a specific time frame. Further, the wife's business partner testified that she had no specific expectations regarding when the business will make money and that they had not *24 prepared any income projections for the business. Therefore, as there was no specific evidence supporting a valid rehabilitation plan for the wife, the award of rehabilitative alimony must be reversed.
In addition, barring extraordinary circumstances, which are not present in this case, a spouse may not receive rehabilitative alimony by abandoning the field in which he or she has been trained and starting a speculative business venture. That is exactly what the wife sought to do in this case. In Blanchard v. Blanchard, 793 So.2d 989, 991-2 (Fla. 2d DCA 2001), the court in addressing this issue stated:
In truth, the husband is trying to receive rehabilitative alimony, disguised as bridge-the-gap alimony, to assist him in a risky, new business venture when he already has considerable experience and skill in another field. An award of rehabilitative alimony, however, generally requires a rehabilitative plan that will result in an increase in the party's income.
See Sutton v. Hart, 746 So.2d 1175, 1176 (Fla. 3d DCA 1999) ("[The wife's] simple aspiration to acquire training in an additional field is insufficient for an award of rehabilitative alimony from her former spouse."). Here, the wife is clearly free to enter into such a small business venture, but the husband is not responsible for rehabilitative alimony in connection therewith.
Finally, there was testimony that the wife would need a period of time in which to prepare to reenter the genetics field. Accordingly, consideration upon remand should be given to a bridge-the-gap alimony award for that transition if the wife elects to reenter that field. See Vanbrussel v. Vanbrussel, 710 So.2d 170 (Fla. 1st DCA 1998).
Accordingly, we affirm the trial court's award of permanent periodic alimony and the valuation of the husband's business. We reverse the award of rehabilitative alimony to the wife and remand for consideration of a bridge-the-gap alimony award.
Affirmed in part, reversed in part, and remanded.
COVINGTON, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] No children were born of the marriage.