923 So.2d 528 (2006)
Richard SEARCEY, Appellant,
v.
Deborah SEARCEY, Appellee.
No. 2D05-1311.
District Court of Appeal of Florida, Second District.
February 8, 2006.
Rehearing Denied March 27, 2006.
*529 Amy E. Skelton of Amy E. Skelton, P.A., Lake Hamilton, for Appellant.
Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellee.
WHATLEY, Judge.
The Husband appeals the final judgment of dissolution of the parties' marriage. We affirm in part and reverse in part.
The parties were married for thirty-two years. The trial court found in the final judgment that the Wife earned a gross annual income of $101,000, and it imputed a gross annual income of $11,310 to the Husband.[1] It was undisputed that the Husband is uninsurable in Florida due to his severe diabetes. The Husband has a high school education. The Wife earned both a bachelor's and a master's degree during the marriage.
The trial court awarded the Husband $492 a month in permanent periodic alimony, the exact amount of its calculation of the Wife's monthly surplus. However, this court's calculations reveal that the Wife's monthly surplus exceeds $2400. At oral argument, the Wife's appellate counsel conceded a $1300 error in the Wife's financial affidavit.[2] It is incumbent upon counsel and the trial court to ensure the fairness and accuracy of the parties' respective financial affidavits.
The primary criteria for a trial court to consider in determining an award of alimony are the needs of the spouse requesting the alimony and the ability of the other spouse to pay. Griffin v. Griffin, 906 So.2d 386 (Fla. 2d DCA 2005). In addition, section 61.08(2), Florida Statutes (2003), sets forth relevant economic factors for trial courts to consider in determining a proper award of alimony and requires courts to make findings of fact with regard to each factor. Although the trial court in this case failed to make the required findings, the parties did not raise that failure as reversible error. Nevertheless, it is clear from the duration of the parties' marriage, the disparity in the parties' incomes, and the fact of the Husband's severe diabetes, see § 61.08(2)(b), (c) and (d), that the trial court abused its discretion in awarding the Husband only $492 a month *530 in permanent alimony. Accordingly, we reverse the award of alimony and remand for further proceedings on that issue. Upon reconsideration of the award of alimony, the trial court should make the findings required by section 61.08(2). See Sussman v. Sussman, 915 So.2d 281 (Fla. 4th DCA 2005).
In its reconsideration of the alimony award, the court may not consider any possible future social security payments to the Husband. It is the Husband's present need and the Wife's present ability to pay that are relevant. See Olds v. Olds, 555 So.2d 883 (Fla. 2d DCA 1989). Any future changes in the parties' financial circumstances may be addressed in a modification action.
The Husband also argues that the trial court abused its discretion in directing the Wife to pay only $3500 of his $5000 in attorney's fees. This award will need to be readdressed after the award of alimony is redetermined.
Accordingly, we affirm all issues not addressed in this opinion and reverse and remand for further proceedings.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] The Husband's amended financial affidavit reflected a gross annual income of $8821.
[2] We do not suggest that the award of alimony to the Husband should be the amount of the Wife's monthly surplus.