LAGOA, Judge.
 

 Grace M.P. Alcantara (“wife”) appeals from the final judgment dissolving her marriage to Arturo Amado Alcantara (“husband”). Because the trial court abused its discretion in denying the wife’s request for permanent periodic alimony, we reverse and remand for an award of permanent alimony. In all other respects, we affirm the final judgment.
 

 During their nineteen-year marriage, the parties had four children of their own and jointly raised the wife’s child from a prior relationship. At the time of the final
 
 *845
 
 hearing, their youngest child was fourteen years old. The husband, age 43, was a career soldier until his retirement in 2006. He holds two college and two master’s degrees and is -working toward a doctorate degree in management. He presently earns $6800 a month from his employment as an intelligence specialist at the Joint Interagency Task Force South in Key West, and he receives a monthly military pension of $1786.
 

 The wife, age 47, was a homemaker until 2003 when she began working at St. Leo’s University in Key West. As an employee of St. Leo’s, she received the benefit of free tuition. In 2004, she earned a bachelor of arts degree in business administration, and in 2005 received her master’s degree in business administration. She currently earns $2156 a month as a center staff coordinator-administrative assistant.
 

 The parties did not enjoy a lavish standard of living during the marriage; they lived in military housing (or civilian housing on a housing allowance), and have limited financial assets. Since 2001, they have lived in Key West.
 

 Following the dissolution hearing, the trial court denied the wife’s request for permanent alimony. The trial court also ordered the husband to pay a greater share (approximately $10,000) of the parties’ debts and awarded the wife a proportionate share of the husband’s pension earned during the marriage.
 
 [1]
 
 The trial court imputed $45,000 a year in income to the wife. The imputation amount is apparently based on the testimony of a vocational expert, who appeared on behalf of the husband. The trial court further awarded the wife $1300 a month of bridge-the-gap alimony for three years.
 

 On appeal, the wife contends that the trial court abused its discretion in denying her request for permanent alimony. We agree. “A trial court’s decision to either award or deny alimony will not be disturbed on appeal unless the record demonstrates that the trial court abused its discretion.”
 
 Williams v. Williams,
 
 904 So.2d 488, 491 (Fla. 3d DCA 2005). In this case, a review of the record demonstrates that the trial court abused its discretion in awarding bridge-the-gap, rather than permanent alimony.
 

 “Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established during the marriage of the parties.”
 
 Rosecan v. Springer,
 
 845 So.2d 927, 928 (Fla. 4th DCA 2003). In determining whether a party is entitled to permanent alimony, the trial court must consider the duration of the parties’ marriage.
 
 See Martinez v. Martinez,
 
 761 So.2d 433, 436 (Fla. 3d DCA 2000), overruled in part on other grounds by
 
 Zold v. Zold,
 
 911 So.2d 1222, 1234 (Fla.2005). Here, the parties were married for nineteen years. It is well settled, and the trial court properly found, that a nineteen-year marriage qualifies as a long-term marriage.
 
 See Cruz v. Cruz,
 
 574 So.2d 1117 (Fla. 3d DCA 1990) (recognizing seventeen-year marriage as long term);
 
 Kvittem v. Kvittem,
 
 365 So.2d 791 (Fla. 4th DCA 1978) (same; nineteen-year marriage). Indeed, “in the context of a long term marriage there is an initial presumption in favor of permanent periodic alimony.”
 
 Schlagel v. Schlagel,
 
 973 So.2d 672, 676
 
 *846
 
 (Fla. 2d DCA 2008). The wife, therefore, is entitled to a rebuttable presumption in favor of an award of permanent alimony,
 
 [2]
 
 and notwithstanding the trial court’s findings, that presumption has not been overcome.
 
 See Salazar v. Salazar,
 
 976 So.2d 1155 (Fla. 4th DCA 2008);
 
 Schlagel,
 
 978 So.2d at 676;
 
 Hill v. Hooten,
 
 776 So.2d 1004 (Fla. 5th DCA 2001).
 

 First, the trial court improperly considered financial benefits that may be available to the wife if she were to return to her native State of Hawaii. The trial court’s finding, however, was based on mere speculation, and the trial court should have considered the wife’s present need for alimony. As the record currently stands, any speculative benefit that might be available to the wife if she were to return to Hawaii is not a proper consideration in determining her entitlement to permanent alimony.
 
 [3]
 

 See Searcey v. Searcey,
 
 923 So.2d 528, 530 (Fla. 2d DCA 2006) (finding that trial court may not consider possible future social security payments to husband in determining alimony award).
 

 Second, the finding that the parties’ educational achievements have rendered them “self-sufficient” does not foreclose an award of permanent alimony to the wife.
 
 See Garces v. Garces,
 
 704 So.2d 1106, 1106 (Fla. 3d DCA 1998) (rejecting husband’s argument that wife is not entitled to permanent periodic alimony because she earns a “living wage”). “While the wife’s earning ability is one factor to be considered, it is not by itself dispositive and does not preclude an award of permanent alimony in [a] long-term marriage where, based on the factors in section 61.08, need is demonstrated and the husband has the ability to pay.”
 
 Garces,
 
 704 So.2d at 1107;
 
 see also Hill,
 
 776 So.2d at 1007 (stating that the presumption in favor of permanent alimony is not rebutted by a spouse’s age or ability to earn some income).
 

 Finally, an award of permanent alimony is appropriate where a spouse has remained at home caring for the family, rather than pursued a career, for a significant time period during the marriage.
 
 See Costa v. Costa,
 
 951 So.2d 924, 925 (Fla. 4th DCA 2007);
 
 Byers v. Byers,
 
 910 So.2d 336 (Fla. 4th DCA 2005);
 
 Walker v. Walker, 818
 
 So.2d 711, 713 (Fla. 2d DCA 2002);
 
 Knoff v. Knoff,
 
 751 So.2d 167, 169 (Fla. 2d DCA 2000);
 
 Cardillo v. Cardillo,
 
 707 So.2d 350, 351 (Fla. 2d DCA 1998). In this case, although the trial court found that the husband provided significant assistance in raising the children, the wife was a homemaker for the family, which included five children, and did not pursue a career during the first fourteen years of the marriage. As a result, she did not have the opportunity to begin her career and to employ the benefits of a master’s degree until her mid-forties. The husband clearly benefited from this arrangement (even if there was no “agreement”) as he was able to advance his career throughout the marriage and to pursue college and graduate degrees, including his present efforts to obtain a doctorate in management. These circumstances resulted in a significant disparity (even after the imputation of income to the wife) in the parties’ earnings and earning capacity. Under these facts, where the parties had a long-term mar
 
 *847
 
 riage, the wife cared for the family for a significant period of time, and there is a large disparity in the parties’ financial outlook, the wife is entitled to an award of permanent periodic alimony.
 
 [4]
 

 See Salazar,
 
 976 So.2d 1155;
 
 Byers,
 
 910 So.2d at 344;
 
 Knoff,
 
 751 So.2d at 169;
 
 see also Young v. Young,
 
 677 So.2d 1301, 1306 (Fla. 5th DCA 1996) (“Personal or career sacrifices of a spouse during the period the other spouse achieves superior earning power should weigh in favor of an award of permanent alimony.”);
 
 cf. Weintraub v. Weintraub,
 
 864 So.2d 22, 24 (Fla. 2d DCA 2003) (stating that bridge-the-gap alimony is appropriate where the spouse holds an advanced degree in genetics, had worked in that field, and only needed support in reentering the field).
 

 We therefore reverse that portion of the judgment denying the wife’s request for permanent periodic alimony. On remand, in addition to determining an appropriate amount of permanent alimony award, we agree with the parties that the trial court must establish a time-sharing schedule for their minor child and must address the wife’s request for restoration of her former name.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 [1]
 

 . The judgment slates that the pension was earned for a period of 266 months and that the wife is entitled to a share of the pension earned for 218 months from the time of their marriage until the husband's retirement. However, the trial court did not determine the amount of the monthly pension awarded to the wife. On remand, the court must make this determination.
 

 [2]
 

 . Although the trial court correctly recognized that the parties’ nineteen-year marriage is a long-term marriage, it did not make an express finding that the wife was entitled to this presumption.
 

 [3]
 

 . In the event that the wife's income substantially increases if she relocates to Hawaii, the issue of alimony may be reconsidered in a modification action.
 
 See Searcey,
 
 923 So.2d at 530;
 
 Kvittem,
 
 365 So.2d at 792.
 

 [4]
 

 . As to the trial court’s finding that the wife failed to make use of her master's degree from 2005 until 2007, the imputation of income to the wife rendered that factor a non-issue as to entitlement of permanent alimony.