DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRAIG D. CARTER, SR.,**
Appellant,

v.

**LENORA J. CARTER,**
Appellee.

No. 4D19-351

[April 15, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312016DR001358.

A. Julia Graves of the Law Office of A. Julia Graves, P.A., Vero Beach, for appellant.

J. Garry Rooney of Rooney & Rooney, P.A., Vero Beach, for appellee.

WARNER, J.

In this appeal from a final judgment of dissolution, appellant raises multiple issues with respect to the trial court's determination as to the award of alimony, child support, and equitable distribution. With respect to the alimony award, the trial court based appellant's ability to pay on imputation of income of $55,000 per year. We conclude that the court erred in part in imputing income based upon part-time lawn work, the amount of which was speculative. Nevertheless, competent substantial evidence supported the other amounts of imputed income, and even without the speculative income, it totaled more than $55,000. Therefore, the court did not abuse its discretion in attributing that amount of income to the husband. With respect to child support, the trial court made a slight error in the calculation, using the incorrect amount of childcare expenses. More importantly, the court erred in failing to give appellant credit against retroactive child support for actual payments he made for the benefit of the children during the retroactive period. Finally, the Second Amended Final Judgment must be corrected because of some inconsistencies and the failure to attach the equitable distribution schedule which includes an equalizing payment. Because appellee concedes that the court did not

award an equalizing payment, we remand for correction of the final judgment with respect to the equitable distribution. We affirm as to all other issues.

After a fifteen-year marriage, the parties separated and filed for dissolution two years later. At the time of the final judgment, the parties had two minor children. Appellee/former wife sought alimony, child support, and equitable distribution of the parties' assets. Appellant/former husband contended that he did not have the means to pay alimony.

A substantial issue at trial was the amount of income which could be attributed to appellant. We summarize the important aspects of that issue. During most of the marriage appellant had worked for a hospital and earned around $30,000 per year. In addition, he was a massage therapist and earned an additional $10,000 per year from this work at a spa. He also made some additional money doing lawn maintenance. The former wife testified that he made $55,000 per year until separation. When the parties separated, appellant quit his hospital job and started his own massage business. At the time of trial, his business was growing, and he expected to make $20,000 in the business, although the figure was based upon all clients using discount coupons. He used a barter service through which he made about $6,000 per year. He also continued to see clients at the former spa. And he continued to do some lawn maintenance.

In calculating appellant's income in the final judgment, the court concluded that appellant should be earning $55,000. First, it found that the husband voluntarily left his $30,000 per year hospital job, thus permitting the court to impute income. The court calculated the income that appellant would make as follows: $30,000 per year from the new business, which was the same as the amount that he historically made at the hospital; $6,000 in barter income; $12,000 in supplemental income that he could make at the other spa; $10,200 in in-kind payments which had been made by appellant's brother for expenses at appellant's home; and $6,000 in yard work which appellant did on the side. After determining that appellee's income at her present employment was $28,884 per year and that she needed an additional $1,430 per month to meet her expenses, the court awarded $1,000 per month in permanent alimony in addition to child support.

Appellant challenges the imputation of income to him. We conclude that competent substantial evidence supported the imputation of income as found by the trial court, except for the $6,000 attributed for lawn maintenance, as that amount was entirely speculative.

2

"For alimony purposes, trial courts may impute income to a voluntarily unemployed or underemployed spouse in determining the parties' earning capacities, sources of income, and financial circumstances. *See* § 61.08(2)(e), (i), (j), Fla. Stat. (2016)." *See Huertas Del Pino v. Huertas Del Pino*, 229 So. 3d 838, 839 (Fla. 4th DCA 2017). Because appellant voluntarily terminated his employment with the hospital, the court could impute income to him. In this case, however, the court was not so much imputing income but trying to ascertain the amount of income appellant received from various sources.

To the extent that the court imputed income to appellant from his new business, the trial court discredited some of appellant's testimony with respect to how much he made from tips as well as full-paying clients. "Witness credibility, like all disputed issues of fact, is a determination left to the finder of fact." *Rodriguez v. Reyes*, 112 So. 3d 671, 674 (Fla. 3d DCA 2013). The trial court provided a logical explanation of how it arrived at the amount of income, and competent substantial evidence supports its findings with respect to the business income, the additional spa income, the barter income, and the in-kind payments from the brother.

The court erred, however, in attributing $6,000 to lawn maintenance. This level of income was not supported by any testimony. At most, the testimony of the various witnesses would suggest that appellant may have provided lawn service to relatives and friends for around $20-25 per visit, but not every week. As no evidence supported the amount credited by the court, it should not have been included in appellant's income.

However, even if the entire $6,000 lawn maintenance income is removed, the total of the other income attributed to appellant exceeds the $55,000 attributed to him for purposes of alimony and child support. Therefore, the error in attributing this additional income was harmless.

Appellant also contends that the trial court erred in calculating the child support amount which he owed. There appears to be a discrepancy between the testimony regarding childcare and the amount included in the child support guidelines worksheet. Appellee testified that she paid $180 twice a year for childcare, which amounts to $30 per month. However, the court included $60 per month in childcare costs. The court should correct this amount on remand.

After calculating child support, the court also retroactively imposed the obligation on appellant to the time that the parties separated, creating substantial arrearages. Appellant contends that the court should not have

awarded retroactive child support before the date of the filing of dissolution of marriage. Even if it could, the court failed to give appellant any credit for actual amounts he paid in support of his children.

The court had the authority to make the arrearages retroactive to the date of separation. Section 61.14(11), Florida Statutes (2016) provides:

> (11)(a) A court may, upon good cause shown, and without a showing of a substantial change of circumstances, modify, vacate, or set aside a temporary support order before or upon entering a final order in a proceeding.
>
> (b) **The modification of the temporary support order may be retroactive** to the date of the initial entry of the temporary support order; to the date of filing of the initial petition for dissolution of marriage, initial petition for support, initial petition determining paternity, or supplemental petition for modification; or **to a date prescribed in** paragraph (1)(a) or **s. 61.30(11)(c) or (17), as applicable**.

(emphasis added.) Section 61.30(17), Florida Statutes (2016) provides:

> (17) In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has **discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child,** not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition. In determining the retroactive award in such cases, the court **shall consider the following**:
>
> (a) The court shall apply the guidelines schedule in effect at the time of the hearing subject to the obligor's demonstration of his or her actual income, as defined by subsection (2), during the retroactive period. Failure of the obligor to so demonstrate shall result in the court using the obligor's income at the time of the hearing in computing child support for the retroactive period.
>
> (b) All actual payments made by a parent to the other parent or the child or third parties for the benefit of the child throughout the proposed retroactive period.

4

(c) The court should consider an installment payment plan for the payment of retroactive child support.

(emphasis added.)  Thus, reading both statutes together, the court had authority to make the retroactive award of support to the date of the parties' separation.

The court did err, however, in failing to give credit to appellant for amounts he paid to appellee for the children's benefits during the entire retroactive period.  It concluded that because appellant was paying routine marital expenses, he should get no credit.  Section 61.30(17)(b), Florida Statutes requires the court to consider *all* actual payments made to the other parent for the benefit of the child.  Appellant was providing $900 per month to cover the expenses of both the wife and children during this period, including mortgage payments.  The court should have allowed credit for these amounts.  *See Julia v. Julia*, 263 So. 3d 795, 798 (Fla. 4th DCA 2019) (in determining retroactive child support trial court erred in failing to credit husband for mortgage payments he made during retroactive period).

Finally, appellant challenges the equitable distribution made by the trial court, contending that the judgment is inconsistent.  He notes that the first Judgment of Dissolution of Marriage contained an equalization schedule for equitable distribution which was attached as Exhibit A to the judgment, which includes an equalization payment.  But the Second Amended Final Judgment of Dissolution states that "no equalization payment is due to either party as part of the equitable distribution," and no Exhibit A is attached.  Paragraph 18 of the judgment states that the husband continued to pay some of the debts after the parties separated.  But the last sentence of paragraph 18 of the Second Amended Final Judgment states, "[t]he charges made by the Husband shall be addressed in the equitable distribution and part of the equalization payment owed to the wife."  The fact that the judgment referred to an "equalization payment owed to the wife," when it also states that no equalization payment is owed, is a conflict within the final judgment.  Further, no Exhibit A is attached to the Second Amended Final Judgment.  In contrast, appellee contends that the Exhibit A attached to the original final judgment is what should be attached to the Second Amended Final Judgment.  She contends that there is no ambiguity with the Second Amended Final Judgment, and no equalization is due, even though one is included in Exhibit A attached to the original final judgment.  We conclude that the Second Amended Final Judgment is ambiguous and needs correction.  Based upon appellee's concession, we reverse and remand for correction of the Second Amended

5

Final Judgment to attach Exhibit A, but to delete any equalization payment on it in favor of appellee.

In conclusion, we reverse the Second Amended Final Judgment to reconsider credits which should have been allowed in the calculation of retroactive child support for payments made by appellant during the retroactive period. The child support calculation should be corrected to reduce the childcare expenses in accordance with this opinion. Finally, the judgment should be amended to include Exhibit A but without any equalizing payment to appellee. In all other respects, we affirm the final judgment.

CIKLIN and FORST, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***