DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WENDY L. MAHLE,**
Appellant,

v.

**STEPHEN E. MAHLE,**
Appellee.

No. 4D20-2024

[May 25, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jessica Ticktin, Judge; L.T. Case No. 502014DR003592.

Nancy A. Hass of Nancy A. Hass, P.A., Fort Lauderdale, for appellant.

Chad R. Laing of Laing & Weicholz, P.L., Boca Raton, for appellee.

ARTAU, J.

Wendy L. Mahle (the former wife) appeals from a final judgment denying her petition to modify the permanent periodic alimony awarded to Stephen E. Mahle (the former husband) pursuant to a marital settlement agreement (MSA) adopted by the trial court as part of their divorce judgment. We affirm on all issues because the trial court correctly concluded that the former wife failed to sufficiently prove the existence of a substantial and material change in the parties' circumstances to warrant modification of the former husband's alimony award.

In *Huertas Del Pino v. Huertas Del Pino*, 229 So. 3d 838 (Fla. 4th DCA 2017), we held that a trial court may not impute, as income to a recipient spouse, the value of that spouse's eligible, but as-yet unapplied-for, Social Security benefits, if the evidence presented demonstrates that the receiving spouse "would receive larger benefits if he or she decided to defer benefits until a later time" and if there is no evidence to suggest that the decision to defer receipt of the benefits was anything other than "a prudent investment strategy[.]" *Id.* at 842.

In the absence of a stipulation in the parties' MSA or a finding in their divorce judgment contemplating retirement at a certain age, we find no

distinction between this case and *Huertas Del Pino*. *See id.* at 841-42 (holding that unless a recipient spouse was "receiving Social Security benefits … when the trial court decided alimony" or "absent some other compelling reason," the value of eligible but as-yet unapplied-for Social Security benefits is "not subject to imputation").

Accordingly, we conclude that the trial court properly adhered to *Huertas Del Pino* in declining to impute the value of former husband's eligible, but as-yet unapplied-for, Social Security benefits.

We therefore affirm, because the trial court correctly concluded that the former wife failed to sufficiently prove the existence of a substantial and material change in the parties' circumstances to warrant modification of the alimony award.

*Affirmed.*

WARNER and GROSS, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***