HARRIS, J.
The parties hereto are the now separated, unmarried parents of twin children. The issues herein involve the correctness of the trial court’s judgment awarding the Internal Revenue Service dependency exemption to the parties in alternating years and the failure of the judgment to speak to the issue of uncovered future medical expenses. Another issue is the court’s failure to consider the mother’s motion for rehearing or modification made after the court had indicated its ruling but before the judgment was entered.
The mother contends that the trial court lacked the authority to award the father the tax exemption benefit because the parties were never married and the IRS exemption does not apply to unmarried parents. Courts of other states differ on this issue but the majority of those deciding the issue seems to permit the exemption even to unmarried parents. Logic certainly supports this view. The purpose of the exemption is to permit the party paying the support to have more disposable income from which to make such payment.[1] It therefore appears that the important consideration is that the tax paying parent is also paying child support, not whether he or she was ever married. Indeed, one must question whether the marital status of the taxpayer is a constitutionally justifiable classification for such disparate treatment. In this case, both parents made approximately the same income. If the mother’s income were further increased by always getting the tax benefit, perhaps the court would have reduced the amount ordered from the father. We find no error on this point.
At a preliminary hearing, the court ordered the father to pay daycare costs for the children. He did so. It later came to light at the final hearing that although the *526 mother had received this income for a number of months, she had never enrolled the children in daycare. The court’s final judgment eliminated this requirement. After the court announced its decision but before it entered the judgment, the mother moved for rehearing or modification on the basis that she had enrolled the children for daycare to begin on a future date. The court was correct in denying the rehearing since the mother was attempting to put into evidence matters that occurred after the trial. The court properly denied the motion for modification because it was premature. The judgment sought to be modified had not yet been entered. We affirm but without prejudice to file an appropriate motion for modification which will permit a response from the father and an opportunity for each to produce such evidence as may be relevant.
Finally, the mother claims that the court erred in not providing for uncovered future medical expenses. We agree that this is error. See Zucker v. Zucker, 672 So.2d 604 (Fla. 4th DCA 1996). We, therefore, defer this matter for a post-judgment motion for clarification or modification so that an appropriate record may be available.
AFFIRMED in part; reversed and remanded for allocation of responsibility for the children’s uncovered medical expenses without prejudice to file a motion for modification of judgment relative to daycare for the children.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.

. This does not mean, however, that the tax benefit will necessarily go to increase child support. The tax benefit to the parents is taken into account at the time their net income is determined and the child support obligation is fixed by the support table. The federal income tax deduction which is permitted to be taken from gross income is itself "adjusted for ... allowable dependents.” Section 61.30(3)(a), Florida Statutes. Hence, the child support, unless a modification is made each year, will not vary regardless of which of these parents (each of whom make about the same income) is receiving the tax deduction. It will merely mean that one of the parents will receive a little extra disposable income one year and the other parent the next. We do not find that the court erred in exercising its discretion to grant this tax saving benefit to the parents in alternating years.