PER CURIAM.
 

 Appellant, the Former Wife, seeks review of the final judgment of dissolution of marriage. She contends that the trial court erred in denying her motion to relocate with the children to Alabama and that the trial court also erred in awarding the dependency exemptions for income tax purposes to Appellee, the Former Husband. We find no error with the trial court’s ruling on the motion to relocate, and affirm that issue without further discussion. We also affirm the trial court’s award of the dependency exemptions to the Former Husband, but remand for correction of the final judgment to reflect that the Former Husband’s entitlement to the exemptions is contingent upon his remaining current on his child support obligation.
 

 Section 61.30(ll)(a)8., Florida Statutes (2008), authorizes the trial court to take into account the “impact of the Internal Revenue Service dependency exemption and waiver of that exemption” in determining the amount of child support. The statute authorizes the trial court to direct the transfer of the exemption to the noncustodial parent, which has the effect of “mak[ing] more money available for child support through tax savings.”
 
 Vick v. Vick,
 
 675 So.2d 714, 719 (Fla. 5th DCA 1996). The trial court cannot allocate the exemption directly; it can only require the custodial parent to execute a waiver transferring the exemption to the noncustodial parent. § 61.30(ll)(a)8., Fla. Stat. (“The court may order a parent to execute a waiver of the Internal Revenue Service dependency exemption.... ”);
 
 Salazar v. Salazar,
 
 976 So.2d 1155 (Fla. 4th DCA 2008).
 

 In this case, the final judgment of dissolution awarded the Former Husband, the noncustodial parent, the dependency exemptions for both children until the Former Wife became employed “in order to maximize the [Former] Husband’s disposable income for the benefit and support of the minor children.” Once the Former Wife is employed, the final judgment provided that the Former Husband would be allowed to claim the eldest child and the Former Wife would be allowed to claim the youngest child. The trial court also directed the parties to execute the necessary waivers to facilitate this provision.
 

 The Former Wife contends that the trial court erred in awarding the dependency exemptions to the Former Husband because he made no affirmative request for such an award. The trial court rejected this argument in its order on the Former Wife’s motion for rehearing, and explained:
 

 The Wife complains that the Court awarded the tax exemptions for the minor children to the Husband while the Wife remains unemployed. The Wife argues that the Husband made no affirmative request regarding same. The Court notes that quite frankly, neither party made a specific request with re
 
 *890
 
 gard to the tax exemptions for the minor children. However, given the parties’ dire financial straits the court felt compelled to address the issue in order to maximize the Husband’s disposable income for the benefit and support of the minor children.
 

 The record supports the trial court’s ruling on this issue. The Former Wife had no taxable income or income tax liability in order to benefit from the exemption.
 
 Cf. McDaniel v. McDaniel,
 
 835 So.2d 1265 (Fla. 1st DCA 2003) (reversing award of tax dependency exemption to the Former Husband where the Former Husband did not have any taxable income or income tax liability for the tax year). Additionally, because the Former Husband had another child support obligation that had already reduced his disposable income, the award of the dependency exemptions to the Former Husband would serve to maximize the disposable income available for him to pay his child support obligation in this case. Accordingly, the trial court did not abuse its discretion in awarding the dependency exemptions to the Former Husband while the Former Wife was unemployed.
 

 The trial court did not, however, structure the transfer of the dependency exemptions in accordance with the statutory requirement that the Former Husband be current in his child support payments.
 
 See
 
 § 61.30(ll)(a)8., Fla. Stat. (authorizing the trial court to order a parent to execute a waiver of the dependency exemption “if the paying parent is current in support payments”);
 
 Camus v. Prokosch,
 
 919 So.2d 679 (Fla. 1st DCA 2006) (reversing and remanding for further proceedings where transfer of exemption was not conditioned on being current in support payments). Accordingly, we affirm the final judgment of dissolution but remand for the trial court to condition the exemption transfer on the Former Husband being current in his support payments.
 

 AFFIRMED; REMANDED for correction of judgment.
 

 WOLF, ROBERTS and WETHERELL, JJ., concur.