WALLACE, Judge.
Darwish Qasim El-Hajji (the Husband) appeals a final judgment dissolving his marriage to Sharon Darlene El-Hajji (the Wife). The Husband raises the following four arguments on appeal: (1) the circuit court erred .in entering a final judgment *258 that was in conflict with the parties’ stipulated resolution and the circuit court’s oral ruling on certain issues, (2) the circuit court erred in calculating child support, (3) the circuit court erred in allocating the federal dependency exemption with regard to the parties’ minor child, and (4) the circuit court erred in its equitable distribution of the parties’ assets and liabilities. We reverse with regard to the circuit court’s allocation of the federal dependency exemption and its failure to equitably distribute two marital debts. In all other respects, we affirm the final judgment without further comment.
I. ALLOCATION OF THE FEDERAL DEPENDENCY EXEMPTION
The final judgment awards the parties shared parental responsibility of their minor child, with the child spending approximately forty percent of the time with the Wife and sixty percent of the time with the Husband.[1] The final judgment also directs the Wife to pay the Husband monthly child support. The final judgment further provides as follows:
Because the child is legally considered a resident of both parents’ homes[,] the parties are ORDERED to cooperate in alternating the IRS tax deduction for the child. The Wife shall get the deduction in even years, and the Husband in odd years. Again, the impact of these deductions is considered “canceled out” by the rotating nature of the benefit.
The Husband asserts that the circuit court erred in alternating the federal dependency exemption for the child between the parties because section 61.30(ll)(a)(8), Florida Statutes (2008), does not permit the circuit court to allocate the exemption directly but only authorizes it to require the custodial parent to execute a waiver transferring the exemption to the noncustodial parent. In addition, the waiver must be conditioned upon the noncustodial parent’s payment of child support. Id. The Husband further suggests that because the parties did not present evidence of the impact of the exemption at the final hearing, the circuit court “blindly” rotated the exemption between the parties “as a matter of parity” instead of considering the impact of the benefit of the exemption to each respective parent. The Wife agrees, conceding that the circuit erred in ruling on an issue that was not presented at trial.
Section 61.30(ll)(a)(8) provides:
[A circuit] court may adjust the total minimum child support award, or either or both parents’ share of the total minimum child support award, based upon....:
[[Image here]]
8. The impact of the Internal Revenue Service dependency exemption and waiver of that exemption. The court may order a parent to execute a waiver of the Internal Revenue Service dependency exemption if the paying parent is current in support payments.
Thus, while a circuit court cannot allocate the federal dependency exemption directly, it may require the custodial parent to execute a waiver transferring the exemption to the noncustodial parent dependent upon that parent’s payment of support. Wamsley v. Wamsley, 957 So.2d 89, 92 (Fla. 2d DCA 2007). In addition, a circuit court may determine in its discretion that the parents should share the benefit of the exemption in alternating years. See Salazar v. Salazar, 976 So.2d 1155, 1158 (Fla. 4th DCA 2008).
*259 We disagree with the parties’ position that the circuit court erred in allocating the dependency exemption on the ground that the issue was not presented at trial. Section 61.30(ll)(a)(8) authorized the circuit court to consider the impact of the dependency exemption in determining the child support award. Although neither party addressed the issue at the final hearing, the Husband’s pretrial memorandum specifically asked the circuit court to determine “who will claim the child as a dependant [sic] for the 2008 tax year and subsequent years.” See Geddies v. Geddies, 43 So.3d 888 (Fla. 1st DCA 2010) (holding that even though neither party requested the allocation of the federal dependency exemption, the circuit court did not err in allocating the exemption to the former husband to maximize his disposable income for the benefit and support of the minor children).
We also disagree with the Husband’s suggestion that the circuit court misunderstood the law on this issue and unthinkingly rotated the exemption between the parents as a matter of parity. “The purpose of the exemption is to permit the party paying the support to have more disposable income from which to make such payment.” Negron v. Ray, 769 So.2d 524, 525 (Fla. 5th DCA 2000). Although the Husband’s support obligation as calculated under the child support guidelines worksheet is higher because of his higher income, the Wife is required to pay the Husband child support despite her significantly lower monthly income and roughly equivalent time-sharing with respect to the minor child. We cannot say that the circuit court abused its discretion in determining that the Wife should share in the benefit of the dependency exemption for the minor child in alternating years. See Salazar, 976 So.2d at 1158.
But the circuit court erred in implementing its intent that the parties share in the exemption by failing to direct the Husband to execute a waiver of the exemption in favor of the Wife in alternating years, contingent upon her payment of child support. See § 61.30(11)(a)(8); Salazar, 976 So.2d at 1158. Accordingly, on remand the circuit court must amend the provision in the final judgment with regard to the allocation of the federal tax exemption by directing the Husband to execute a waiver of the exemption in favor of the Wife in even years contingent upon her payment of child support.
I. FAILURE TO EQUITABLY DISTRIBUTE MARITAL LIABILITIES
We also conclude that the circuit court abused its discretion by failing to equitably distribute a loan against the Husband’s 401(k) account and another outstanding loan in the amount of $10,000. Notably, the circuit court provided in the final judgment that “[n]either party made adequate showing for just cause for deviation [from an equal split of marital assets and liabilities;] therefore[,] 50% division is to be applied.”
In its equitable distribution scheme, the circuit court treated the Husband’s 401 (k) account as a marital asset and, in accordance with the evidence, valued the account as of the date of the petition at $24,799. But the Husband also presented unrebutted testimony that the account was subject to an outstanding loan in the amount of $2809.89 when the petition was filed. The parties and the circuit court noted the loan again, without objection by the Wife, when they reviewed the Husband’s proposed equitable distribution schedule.
Although the circuit court correctly treated the 401 (k) account as a marital asset and divided it equally between the *260 parties, it failed to distribute the outstanding loan on the account by subtracting the loan amount from the account value or by equally distributing the loan between the parties. This resulted in an unequal distribution in favor of the Wife of approximately $1400, and the circuit court did not provide any explanation to support an unequal distribution.
Similarly, the Husband presented unre-butted testimony at the final hearing that he had incurred a $10,000 debt in connection with his corporation to cover expenses associated with vacant lots owned by the corporation.[2] The Husband testified that when the corporation was dissolved, the loan became his obligation and that it remained outstanding. Two of the vacant lots owned by the corporation were also distributed to the Husband upon the dissolution of the corporation. The circuit court treated the two lots as marital property and distributed them approximately equally by awarding one of the lots to the Wife and the other to the Husband.[3] However, the circuit court failed to equally distribute the corresponding loan obligation, which resulted in an unequal distribution in favor of the Wife in the amount of $5000.[4]
We conclude that the failure to equally distribute the 401 (k) loan in the amount of $2809 and the $10,000 obligation was an abuse of discretion. On remand, the circuit court must distribute these marital debts between the parties and make any necessary adjustments to its equitable distribution scheme.
III. CONCLUSION
On remand, the circuit court shall address the allocation of the federal dependency exemption between the parties by directing the Husband to execute a waiver of the exemption in favor of the Wife in even years, contingent upon her payment of child support. In addition, the circuit court shall distribute the 401 (k) loan in the amount of $2809 and the $10,000 obligation between the parties and make any necessary adjustments to its equitable distribution scheme. In all other respects, we affirm the final judgment.
Affirmed in part, reversed in part, and remanded.
KELLY and LaROSE, JJ., Concur.

. The child was almost sixteen years old at the time of the final hearing in March 2009 and will turn eighteen years old in March 2011.

. The husband claims on appeal that the circuit court erred in failing to distribute a second loan in the amount of $2500 associated with the vacant lots. Contrary to the Husband’s argument, he did not present any testimony at trial concerning the $2500 loan.

. The Husband agreed to distribute the higher-valued lot to the Wife because that lot carried higher maintenance costs.

.Although the Wife argues that the circuit court provided an explanation for its refusal to distribute the note as a marital liability, the circuit court’s explanation that there was no testimony authenticating the existence of the $10,000 note is not consistent with the evidence presented at the final hearing.