PER CURIAM.
In this dissolution of marriage case, Appellant challenges several findings and conclusions regarding equitable distribution, the award of permanent alimony to Appellee, the court’s child support calculation, and the award of attorney’s fees to Appellee.
Regarding the valuation of the parties’ second home on Ambrosia Court, Appellant contends that the trial court erred in using the tax assessor’s valuation of the home, rather than its fair market value, for purposes of equitable distribution. This argument erroneously describes the trial court’s actions. The parties presented conflicting evidence in the form of affidavits regarding the value of the property. The tax assessor’s valuation fell within the range of values offered by the parties. The trial court concluded that the assessed valuation was the “closest to fair market value.” This was not error.
We do, however, find error regarding the trial court’s failure to address the “bridge loan” in connection with the distribution of the Ambrosia Court property. On remand, the trial court should determine the amount of this loan, deduct it from the market value of the home to determine the correct amount of equity in the home, and distribute the equity accordingly. See El-Hajji v. El-Hajji, 67 So.3d 256, 259-60 (Fla. 2d DCA 2010) (holding that by distributing former husband’s 401(k) account without also distributing outstanding $2,809.89 loan on that account, trial court improperly provided unequal distribution to former wife of approximately $1,400 without explanation).
We also agree -with Appellant that the trial court erred in failing to distribute the parties’ remaining marital debt. The trial testimony established that the parties used a number of credit cards during the marriage, which still had outstanding balances. Those included joint accounts at Lowes, Home Depot, and Target, as well as other credit card accounts in the parties’ individual names. The trial court did not address this debt in the final judgment. On remand, the trial court should determine the amount of marital debt associated with these credit card accounts and distribute it accordingly.
*808 With respect to the parties’ furniture, the final judgment provides: “There is no reliable or credible evidence as to the value of the furniture, fixtures and furnishings in the respective real properties owned by the parties. The party in possession should retain ownership of the personal property in each of the residences.” The record reveals that both Appellant and Appellee placed identical values on the furniture in the marital home and Appellee did not dispute the amount Appellant placed on the furniture in the Ambrosia Court house. The court erred in refusing to use these figures to value the furniture for equitable distribution purposes.
Appellant also challenges the award of permanent alimony. Although we conclude that the trial court was within its discretion to award alimony here, the record reflects that the court used the wrong financial information in calculating the award. Instead of relying on Appellant’s 2010 affidavit, which was admitted in evidence, the trial court based the alimony award on a 2009 affidavit that was contained within the court file but not admitted into evidence or considered during the trial. We remand for the trial court to calculate the amount of alimony based on Appellant’s 2010 financial affidavit, after determining Appellee’s need and Appellant’s ability to pay. For this same reason, we reverse and remand the child support calculation for redetermination based on Appellant’s 2010 financial affidavit.
In all other respects, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORPY, COHEN and BERGER, JJ., concur.