# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4860
_____

CHRISTIE SPIKES,

Appellant,

v.

SHANE FONVILLE,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

August 30, 2018

PER CURIAM.

Appellant, the mother, challenges the portions of the trial court's order that legally changed the surname of the parties' minor child and allocated the dependency tax exemption to the parties in alternating years. Appellant contends there was no evidence to support the trial court's decision to change the minor child's name, and the trial court was without authority to allocate the tax exemption directly. We affirm the portion of the trial court's order changing the minor child's name without further discussion, but we agree that the trial court exceeded its authority when it directly allocated the dependency tax exemption and reverse accordingly.

A trial court has the authority to adjust a total minimum child support award based upon the impact of an IRS dependency tax exemption by ordering a parent to execute a waiver of the exemption, contingent upon the parent paying child support being current in their support payments. § 61.30(11)(a)8., Fla. Stat. However, the court does not have the authority to make the allocation of the tax exemption directly; rather, in accordance with the statute, the trial court is only permitted to order a party to execute a waiver of the exemption. *El-Hajji v. El-Hajji*, 67 So. 3d 256, 259 (Fla. 2d DCA 2010); *Geddies v. Geddies*, 43 So. 3d 888, 889 (Fla. 1st DCA 2010).

Here, the record demonstrates that the trial court did not abuse its discretion in ordering the dependency exemption to alternate between the parties. However, the trial court erred when it failed to structure the transfer of the dependency exemptions in accordance with the language of section 61.30(11)(a)8. Accordingly, we affirm the portion of the trial court's order awarding the exemption to both parties, but remand for the trial court to order appellant to waive the exemption for odd years, on the condition that appellee is current on his child support payments. In all other respects, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF, JAY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Curtis W. Brannon of Curtis W. Brannon, P.A., Crestview, for Appellant.

No Appearance for Appellee.